# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MCKESSON CORPORATION**,

Plaintiff,

v.                                                    Case No. 8:24-cv-1256-WFJ-SPF

**BENZER KY 1 LLC**, **BENZER PHARMACY HOLDING LLC**, **ALPESH PATEL**, **MANISH PATEL**, and **HEMA PATEL**,

Defendants.

_____/

## <u>ORDER</u>

Before the Court is Plaintiff McKesson Corporation's Motion for Default Judgment against Defendants Benzer KY 1 LLC, Alpesh Patel, Manish Patel, and Hema Patel, Dkt. 32. A Declaration of Plaintiff's Senior Credit Manager, Richard Call, is filed in support of Plaintiff's Motion, Dkt. 33. Upon careful consideration of the allegations in the Complaint and Plaintiff's filings, Plaintiff's Motion is granted in part and denied in part. Default judgment will be entered against Benzer KY 1 LLC, Alpesh Patel, and Manish Patel in the amount of $144,476.64 plus post-judgment interest. Default judgment will not be entered against Hema Patel.

1

## BACKGROUND

Benzer Pharmacy Holding LLC ("Benzer Pharmacy") is a related Defendant in this action and the subject of a separate Motion for Default Judgment. *See generally* Dkt. 38. The Clerk entered default as to Benzer Pharmacy separately after proper service of process was confirmed. *See generally* Dkts. 36, 37. The Court thus considers this Motion as to only the other Defendants, although Benzer Pharmacy is integral to the facts of the case.

Benzer Pharmacy, together with its affiliates and subsidiaries that include Benzer KY 1, operated a pharmacy chain. Dkt. 32 at 3. Through this network, Benzer Pharmacy sold prescription and over-the-counter drugs at physical and online locations. *Id.* Benzer Pharmacy arranged for the acquisition of prescription drugs from various distributors. *Id.* To obtain these prescription drugs, Benzer Pharmacy and Benzer KY 1 entered into business arrangements with McKesson. *Id.* Benzer KY 1 completed McKesson's customer application in June 2018. *Id.* at 4.

In October 2018, Benzer KY 1 executed and delivered to McKesson a negotiable promissory note for $464,000. *Id.* The promissory note obligated Benzer KY 1 to pay eighty-three consecutive monthly installments of $5,523.80 beginning November 1, 2018, with one final installment of $5,524.60 on October 1, 2025. *Id.* at 7.

2

The other Defendants in this action are guarantors of Benzer KY 1's obligation to McKesson. Pertinent to this Motion, in October 2018, Alpesh Patel executed an individual guaranty guaranteeing to McKesson payment and performance of all liabilities and obligations of Benzer KY 1. *Id.* at 5. Manish Patel executed the same individual guaranty. *Id.* at 6. Finally, as part of Benzer KY 1's customer application to McKesson, both Hema Patel and Alpesh Patel executed provisions of the application guaranteeing Benzer KY 1's obligation to McKesson. *Id.* at 5–6, 7.

Benzer KY 1 defaulted on its obligation beginning October 1, 2023, by failing to pay amounts due. *Id.* at 8. Pursuant to Benzer KY 1's default, McKesson made a demand for payment in February 2024 that went unanswered by Benzer KY 1 and the guarantors. *Id.* In April 2024, McKesson accelerated all principal and interest to be immediately due and payable. *Id.* Neither Benzer KY 1 nor the guarantors paid the balance. *Id.* at 8–9. Consequently, McKesson filed this action in May 2024. *See generally* Dkt. 1. Proper service of process was made on all Defendants, but none have ever appeared. *See generally* Dkts. 23, 36. Clerk's default has been entered as to each Defendant. *See generally* Dkts. 24, 25, 26, 27, 37.

As of October 16, 2024, McKesson moved for entry of final judgment in the amount of $141,300.50. Dkt. 32 at 14. $126,732.37 of that amount is outstanding principal on the note. *Id.* at 9. The remainder of that amount is interest at the Wall

Street Journal prime rate plus two percent, pursuant to the terms of the note. *Id.*; Dkt. 33-1 at 16. Plaintiff is entitled to default judgment in the amount of $144,476.64, as will be explained in the damages subsection below.

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, the plaintiff may apply to the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(b).

Before granting a motion for default judgment, the Court must ensure that it has jurisdiction over the subject matter and the parties. *Vigil v. Primaso, Inc.*, No. 8:18-cv-1710-T-60CPT, 2020 WL 1976979, at *1 (M.D. Fla. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 1974232.

Once jurisdiction is established, the Court considers whether the allegations in the complaint can establish liability. "The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages." *Whole Space Indus., Ltd. v. Gulfcoast Int'l Products, Inc.*, No. 2:09-cv-217-UA-SPC, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citation omitted). So, the entry of a default establishes liability if it is well-pleaded. *Id.*; *see Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Finally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default[.]" *Whole Space*, 2009 WL 2151309, at *3. Instead, "the Court determines the amount and character of damages to be awarded." *Id.* Damages can be awarded without an evidentiary hearing if the amount is a liquidated sum or capable of mathematical calculation. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

## DISCUSSION

Plaintiff's filings have established the Court's jurisdiction over Benzer KY 1, Alpesh Patel, and Manish Patel. The Court lacks personal jurisdiction over Hema Patel. Plaintiff's filings have also established Benzer KY 1, Alpesh Patel, and Manish Patel's liability, and the amount of damages Plaintiff may recover.

### I.  Jurisdiction

The Court has subject matter jurisdiction and personal jurisdiction over every Defendant except Hema Patel.

### a.  Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which provides for diversity jurisdiction when the matter in controversy exceeds $75,000 and exists between citizens of different states. A corporation is a citizen of every state by which it has been incorporated and where

it has its principal place of business. § 1332(c). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

In its Complaint, McKesson demanded *inter alia* $126,732.37 for outstanding principal on the note, exceeding the $75,000 threshold jurisdictional requirement. Dkt. 1 at 13; 28 U.S.C. § 1332. Regarding citizenship, Plaintiff McKesson is a Delaware corporation with its principal place of business in Texas. Dkt. 1 at 2. Benzer KY 1 is a Kentucky LLC whose members are citizens of Florida or Michigan. *Id.* Benzer Pharmacy is a Florida LLC whose members are citizens of Florida or Michigan. *Id.* Alpesh Patel is a natural person domiciled in Florida, and Manish Patel and Hema Patel are natural persons domiciled in Michigan. *Id.* at 2–3. Citizenship is thus completely diverse between McKesson and Defendants such that this Court has subject matter jurisdiction. 28 U.S.C. § 1332.

### b.  Personal Jurisdiction Over Benzer KY 1

As discussed *supra*, an LLC "is a citizen of any state of which a member of the company is a citizen." *See Organizacion Miss America Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017) (citation and internal quotation marks omitted) (considering citizenship of member of defendant LLC in determining

personal jurisdiction over LLC). Per the Kentucky Secretary of State website,[1] Alpesh Patel is a member of Benzer KY 1. Alpesh Patel is allegedly a citizen of Florida, Dkt. 1 at 2, making Benzer KY 1 a citizen of Florida. *Rolling Greens*, 374 F.3d at 1022. As a citizen of Florida, Benzer KY 1 is subject to the personal jurisdiction of this Court. *See Urquidi*, 712 F. App'x at 947–48.

### c. Personal Jurisdiction Over Alpesh Patel

Alpesh Patel is allegedly domiciled in Florida. Dkt. 1 at 2. As such, he is subject to the jurisdiction of this Court. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").

### d. Personal Jurisdiction Over Manish Patel

Inquiry into the valid exercise of personal jurisdiction over a non-resident defendant takes two steps. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). First, the exercise of jurisdiction must be appropriate pursuant to the state's long-arm statute. *Id.* Second, the exercise of jurisdiction must be appropriate pursuant to the Due Process Clause of the Fourteenth Amendment. *Id.* That is, the defendant must have minimum contacts with the forum state so as not to

---

[1] https://web.sos.ky.gov/BusSearchNProfile/Profile.aspx/?ctr=998765 (last visited Jan. 9, 2025). Per Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

offend the "traditional notions of fair play and substantial justice." *Id.* at 1295–96 (citation and internal quotation marks omitted). Florida's long-arm statute provides that the courts of Florida have jurisdiction over "[a] person, whether or not a citizen or resident of this state, . . . [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1).

Manish Patel is allegedly domiciled in Michigan, but the Court nonetheless retains jurisdiction over him pursuant to his business activities in Florida. Per records available on the Florida Department of State website dos.fl.gov/sunbiz, Manish Patel is listed as a manager of Benzer Pharmacy Holding LLC. Benzer Pharmacy is a Florida LLC headquartered in Tampa. Dkt. 1 at 2–3. In Tampa, Manish Patel executed his individual guaranty of the obligations of "Benzer KY 1, LLC dba Benzer Pharmacy." Dkt. 33-1 at 29–30. Manish Patel also executed the promissory note at issue in this case on behalf of Benzer KY 1 in Tampa. *Id.* at 16. Manish Patel thus operated, conducted, and engaged in a business in this state, with an office in this state, such that he is subject to the jurisdiction of this Court. § 48.193(1)(a)(1). His business activities within Florida establish minimum contacts with the state such that he could fairly expect to defend himself in a lawsuit here. The Court has personal jurisdiction over Manish Patel.

### e. Personal Jurisdiction Over Hema Patel

Hema Patel is also allegedly domiciled in Michigan, Dkt. 1 at 3, but has no other apparent connections with Florida that would subject her to the jurisdiction of this Court. She does not appear to be a member of Benzer Pharmacy per the Florida Department of State website. Benzer KY 1's customer application to McKesson identifies her as a managing member, but Benzer KY 1 is a Kentucky LLC with an address in Kentucky. Dkt. 33-1 at 13. Hema Patel has allegedly breached her guaranty to pay McKesson, a Delaware corporation with its principal place of business in Texas. Dkt. 1 at 2, 12. McKesson does not allege any other actions or inactions by Hema Patel that would subject her to the jurisdiction of Florida courts. *See, e.g.*, Fla. Stat. § 48.193(1)(a)(7) (providing that courts of Florida have jurisdiction over persons "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state"). Accordingly, this Court lacks personal jurisdiction over Hema Patel and default judgment will not be entered against her.

## II.    Liability

McKesson brings breach of promissory note and breach of guaranty counts against Benzer KY 1, Alpesh Patel, and Manish Patel, which are treated as breach of contract claims. *See Swan Landing Dev., LLC v. Fla. Cap. Bank, N.A.*, 19 So. 3d 1068, 1072 (Fla. 2d DCA 2009) ("The counts asserting claims under the note and

guaranty are breach of contract counts[.]"). The elements for a breach of contract claim in Florida are "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

The allegations in the Complaint establish the existence of a valid note and valid guaranties. As to the note, paragraph eighteen of the Complaint provides that "[o]n or about October 11, 2018, in Tampa, Florida, Defendant Benzer KY 1 LLC executed and delivered to McKesson a Negotiable Promissory Note (Variable-Rate/Secured) in the amount of $464,000.00." Dkt. 1 at 4. The note is attached to the Complaint as Exhibit B. Dkt. 1-3 at 2.

As to Alpesh Patel's guaranty, paragraph forty-five of the Complaint provides that "[o]n or about October 11, 2018, in conjunction with the execution of the Note, Alpesh Patel executed and delivered an Individual Guaranty, unconditionally guaranteeing to McKesson timely payment and performance of all liabilities and obligations of Defendant Benzer KY 1 LLC[.]" Dkt. 1 at 8. The guaranty is attached to the Complaint as Exhibit F. Dkt. 1-7 at 2–3. Moreover, paragraph forty-six provides that "on or about June 25, 2018, in conjunction with the execution of the Customer Application, Alpesh Patel executed that portion of the Customer Application that constituted an unconditional, continuing guaranty of Benzer KY 1 LLC's obligation to McKesson." Dkt. 1 at 8. The customer application is attached

to the Complaint as Exhibit A. Dkt. 1-2 at 2–3. Alpesh Patel's guaranty of Benzer KY 1's obligation to McKesson is thus established.

As to Manish Patel's guaranty, paragraph fifty-nine provides that "On or about October 11, 2018, in conjunction with the execution of the Note, Manish Patel executed and delivered an Individual Guaranty, unconditionally guaranteeing to McKesson timely payment and performance of all liabilities and obligations of Defendant Benzer KY 1 LLC[.]" Dkt. 1 at 10. This is the same guaranty Alpesh Patel signed, attached to the Complaint as Exhibit F. Dkt. 1-7 at 2–3. Therefore, Manish Patel is party to a valid guaranty.

The Complaint also establishes a material breach of the note and guaranties. Benzer KY 1 stopped making payments on the promissory note on October 1, 2023. Dkt. 1 ¶ 21. McKesson demanded payment from Benzer KY 1 and guarantors Alpesh Patel and Manish Patel in February 2024. *Id.* ¶¶ 22, 51, 63. A copy of this letter is attached to the Complaint as Exhibit C. Dkt. 1-4 at 2–3. After nonresponse, McKesson accelerated all principal and interest under the note to be immediately due. Dkt. 1 ¶¶ 24, 51, 63. That acceleration letter, sent to all Defendants, is attached to the Complaint as Exhibit D. Dkt. 1-5 at 2–3. To date, Benzer KY 1, Alpesh Patel, and Manish Patel have allegedly failed to pay the amounts due to Plaintiff pursuant to the note and guaranties. Dkt. 1 ¶ 25, 52, 64. As failure to make payments pursuant to a note or guaranty constitutes a material breach, the allegations in the Complaint

11

establish this element. *See, e.g.*, *FTF Lending, LLC v. Prestige Realty Consultants, Inc.*, No. 6:22-cv-2038-RBD-LHP, 2024 WL 4805295, at *5–6 (M.D. Fla. June 6, 2024) (finding defendants materially breached note and guaranties by not paying amounts owed; entering default judgment), *report and recommendation adopted*, 2024 WL 4805195; *Branch Banking & Trust Co. v. Recon Test Equip., Inc.*, No. 6:19-cv-624-Orl-78LRH, 2020 WL 11303316, at *3–4 (M.D. Fla. Apr. 27, 2020) (finding defendant materially breached guaranty by not paying amounts owed; entering default judgment), *report and recommendation adopted*, 2020 WL 11303313.

Finally, the allegations in the Complaint establish damages. "Pursuant to the Note, as of April 12, 2024, Defendant Benzer KY 1 LLC owes McKesson $126,732.37 in principal, plus interest, including any deferred or default interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees, incurred and to be incurred in connection with this lawsuit." Dkt. 1 ¶ 26. By virtue of the guaranties, McKesson seeks judgment against Alpesh Patel and Manish Patel in the same amount. Dkt. 1 ¶¶ 53, 65. Every element of the breach of promissory note and breach of guaranty counts against Benzer KY 1, Alpesh Patel, and Manish Patel is thus well-pleaded; the allegations in the complaint establish liability. *See Whole Space*, 2009 WL 2151309, at *3; *Buchanan*, 820 F.2d at 361.

## III.   Damages

The amount of damages to which Plaintiff is entitled is capable of calculation. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). Per the sworn Declaration of Plaintiff's Senior Credit Manager, Richard Call, $126,732.37 is due in principal under the note, plus interest pursuant to the terms of the note. Dkt. 33-1 at 9. The note provides for interest on the unpaid principal in the sum of the Wall Street Journal prime rate plus two percent. *Id.* at 16 ¶ 1. The Wall Street Journal prime rate fluctuates, so the table below sets out the interest that has accrued per the varying rates[2]:

| Date Range | WSJ Prime Rate | Principal × (WSJ Prime Rate + 2%) ÷ 365 × Number of days elapsed | Interest |
|---|---|---|---|
| 9/1/2023-9/18/2024 | 8.50% | $126,732.37 × (0.0850 + 0.02) ÷ 365 × 383 | $13,963.13 |
| 9/19/2024-11/7/2024 | 8.00% | $126,732.37 × (0.0800 + 0.02) ÷ 365 × 49 | $1,701.34 |
| 11/8/2024-12/18/2024 | 7.75% | $126,732.37 × (0.0775 + 0.02) ÷ 365 × 40 | $1,354.13 |
| 12/19/2024-1/10/2025 | 7.50% | $126,732.37 × (0.0750 + 0.02) ÷ 365 × 22 | $725.67 |

---

[2] HSH, https://www.hsh.com/indices/prime-rate.html (last visited Jan. 9, 2025) (providing history of Wall Street Journal prime rates).

The total interest that has accrued as of the date of this judgment is thus $17,744.27. Together with the principal, McKesson is entitled to damages in the amount of $144,476.64.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

(1) McKesson Corporation's Motion for Default Judgment against Benzer KY 1 LLC, Alpesh Patel, Manish Patel, and Hema Patel, Dkt. 32, is granted in part and denied in part.

(2) Default judgment is entered in favor of McKesson Corporation against Benzer KY 1 LLC, Alpesh Patel, and Manish Patel, jointly and severally, in the amount of $144,476.64 plus post-judgment interest. Default judgment is not entered against Hema Patel.

(3) The Clerk is directed to enter final default judgment in accordance with paragraph two of this conclusion.

**DONE** and **ORDERED** in Tampa, Florida, on January 10, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record

14